The 122d section of the statute in relation to powers provides, "that when the consent of a third person to the execution of a power is requisite, such consent shall be expressed in the instrument by which the power is executed, or shall be certified in writing thereon. In the first case, the instrument of execution; in the second, the certificate shall be signed by the party whose consent is required; and to entitle the instrument to be recorded, the signature must be proved or acknowledged in the same manner as if subscribed to a conveyance of lands." (1 R.S. 736.) The defendant in this case sustained the relation of third person to his brother, the donee of the power, undoubtedly; but he was also the grantee in the conveyance, by which it was attempted to be executed. Whether this circumstance is to form an exception, from the general language of the statute, is the question to be determined. My conclusion is, that it does not. The power itself cannot be executed "except by some instrument, which would be sufficient in law to pass the estate, if the person executing the power were the actual owner," (Id. § 113;) and by the section already quoted, it was the purpose of the legislature, that evidence equally satisfactory of the consent, where that was necessary, *Page 399 
should accompany or rather form a part of the instrument or conveyance. This evidence is wanting in the deed from A.G. Cary to the defendant. There is no writing showing the assent of the latter, but this is to be inferred, if at all, from his acceptance of the conveyance; a fact to be established by parol. But beyond the delivery, which is essential to give validity to an instrument executed in conformity with this statute, as in other cases, the legislature have said, that purchasers, and all others whose interests may be affected by the execution of the power, shall have a writing authenticated by the signature of the defendant in or upon the deed itself. There is nothing unreasonable in this. The testator, in this case, saw fit to clothe the defendant with a quasi power over his estate, by making his consent a condition precedent to its alienation; and the statute has prescribed the mode in which that power shall be exercised, and it must be substantially pursued. There is more reason for insisting upon compliance in the case of a deed creating a trust, than in those where the grantee takes a beneficial interest in the grant. In the latter case, an acceptance of the grant might be reasonably presumed from its advantageous character to the grantee; but such a presumption would scarcely apply to a trustee, upon whom an obligation was imposed, without any corresponding benefit to himself.
The conveyance subsequently made to the plaintiff by the defendant of a portion of the premises, subject to the power, will not help out the defect in the first deed. The power emanated from the testator, and when executed operated by relation on his estate. By his will, when read in connection with the statute, he authorized one of his sons to alienate the property described, with the consent of the other; the consent to be manifested in the manner prescribed by law. The grant to the plaintiff by the defendant might estop him, but would not prevent the other heirs from alleging that the power had not been executed in the manner prescribed by the testator and by the statute. His consent derived all its force from the will; his grant was his own act, and operated upon his interest in the land *Page 400 
independent of the will. If there has not been a valid execution of the power, as I think is established, there does not appear to be any sound objection to the relief asked by the plaintiff. He was a purchaser in good faith, for a valuable consideration; and section 132 of the act referred to provides, "that purchasers, for a valuable consideration, claiming under a defective execution of any power, shall be entitled to the same relief in equity as similar purchasers claiming under a defective conveyance from an actual owner." All the parties to the sale intended an actual conveyance. The defendant gave his assent in fact; has never claimed otherwise, but has constantly affirmed the validity of the transaction to transfer the title.
We must assume the facts as found by the justice who first heard the cause. The supreme court at general term did not, as I understand their decision, differ from him in his construction of the testimony, but placed their decision upon the ground, first, that the death of the mother, without giving her consent, destroyed the power to alienate; and secondly, that the court would not in this or any case entertain a suit to oblige a person, having a discretion to exercise, to give his assent to a conveyance.
The second ground of reversal is obviated by the fact, that the discretion had been exercised; that the defendant had in fact deliberately given his consent by accepting the deed of trust, and acting under it. The statute evidence of his judgment expressed in anothor form was alone wanting; and this it was competent for the court to enable him to supply.
The other ground assumed by the supreme court is, as it appears to me, tenable, and a conclusive answer to the action. That the consent both of the defendant and his mother at the common law would have been necessary to a proper execution of the power, is conceded; and that her death, by rendering the performance of the condition impossible, would by consequence have annulled the authority altogether. But the counsel for the plaintiff relies upon the 112th section of the act to obviate the objection. It declares, "that where a power is vested *Page 401 
in several persons, all must unite in its execution; but if, previous to such execution, one or more of such persons shall die, the power may be executed by the survivor or survivors." If this provision is applicable, it follows, that the persons whose consent is requisite are themselves clothed with the power, or according to § 135, the grantees of it. Such an hypothesis would abrogate the distinction between the executor of a power and a third person who consents to its execution, which runs through the whole statute. If both sustain the same relation to the power — in other words, if both are grantees, there is no reason for a distinction in the manner in which they are to execute it. The 113th section, however, provides that no power can be executed except by an instrument that would pass the estate if the person executing it were the actual owner, while the 122d section declares that the consent may be certified in writing on the instrument by which the power is executed. Again, only those who can alienate lands can execute a power, while there is no such restriction as to those who may consent to its execution. And lastly, if all are grantees as supposed, if Albert G. Cary had died, the power could have been executed by his mother and the defendant, under the 112th section. A construction which thus virtually denies the distinction in the authority of one empowered to sell lands, and of one who merely consents to such sale, must be unsound, and certainly is not sustained either by the common law or the statute. For this reason, I am of opinion that the judgment of the supreme court should be affirmed.