Easy Payment Property Co. &c. v. Vonderhide, &c.

Case 44.—ACTION BY ELIZABETH VONDERHIDE AND
OTHERS, AGAINST THE EASY PAYMENT PROPERTY
CO. FOR A SPECIFIC ENFORCEMENT OF A CONTRACT
FOR THE SALE OF LAND.—Sept. 26.

## Elizabeth Vonderhide &c v. The Easy Payment Property Company.

Appeal from Jefferson Circuit Court (Chancery Branch 1st Division.)

SHACKELFORD MILLER, Judge.

Judgment for Plaintiffs. Defendants appeal. Affirmed.

1. Land—Trust Deed—Estate Conveyed—Rights Reserved—Power of Trustee to Convey—Henry V., at his death, owned a lot in the city of Louisville, which descended to his three children, George, Joseph and Minnie, subject to his wife, Elizabeth's, dower therein. The three children conveyed to their mother the lot in fee simple, and at the same time took from her a deed to George V. in trust for his mother for life, and at her death to her three children, George, Joseph and Minnie. Joseph died intestate without issue, leaving a widow, Mary V. After this, all the parties sold the lot to appellant, and tendered him a deed signed by all of them, which appellant declined to accept, claiming that they can not convey a merchantable title to the land. Held—That the deed tendered conveyed a valid title to appellant.

2. Donees—Survivorship—Execution of a Trust—Naked Power—Beneficial Interest —At common law there is no survivorship among donees of a mere naked power, not coupled with an interest,' or the execution of a trust; but where donees are beneficially interested in the subject of the power the rule is exactly reversed, and then the power survives to the remaining donees upon the death of one or more of them.

W. RAMSEY KINNEY, E. L. McDONALD, KOHN, BAIRD and SPINDLE and GREENE and VANWINKLE for appellant.

Easy Payment Property Co. &c. v. Vonderhide, &c.

## POINTS AND AUTHORITIES.

Where property is conveyed upon trusts, it being provided that "the property shall not be sold . . . by the trustee . . . until after the death of the party of the first part . . . unless the same is agreed to in writing by the party of the first part and by all three of the children of the party of the first part," and where, in such case, one of the persons whose consent is required to the exercise of the power of sale dies before the power is exercised, such power is extinguishd, and the attempted exercise with the consent of the remaining persons is ineffectual. (Sugden on Powers, 319; Am. & Eng. Enc. of Law 2nd Edition Vol. 22, P. 1121; Tiffany on Mod. Law of Real Property, Sec. 291; Barber v. Cary, 11 N. Y., 397; Piersol v. Roop, 56 N. J., Equity 739; Crane v. Bolles, 49 N. J., Equity 373; Powles v. Jordan, 52 Md., 499; Mackay v. Moore, Dud. (Ga.), 94; Bakewell v. Ogden, 2 Bush 265; Williams v. Williams, 1 Duval 222; Hahn v. Pindell, 1 Bush 538; Ormsby v. Tarasdon, 3 Lit. 404.

O'NEAL and O'NEAL and ISAAC T. WOODSON for appellees.

## LEGAL PROPOSITIONS AND AUTHORITIES.

1. "At Common Law where a naked power is given to joint devises, it does not survive upon the death of one, and cannot be exercised by the survivor or survivors; and this is especially true where such powers are conferred upon devisees jointly as matters of personal trust, or confidence. Where, however, the power is coupled with an interest, both the interest and the power survive, and the power may be executed by the survivor or survivors; and this, though the power is discretionary, and not peremptory." (Am. & Eng. Ency. of Law, Vol. 22, 1102.)

2. "The general principle of the Common Law, as laid down by Lord Coke, appears to be that the mere possession of the legal estate, by the Trustees, was a sufficient interest to justify the application of the rule that the power survived; and it was held that a right in the subject over which the power is to be exercised, makes the interest in question so as to bring it within the rule, applying to power coupled with an interest." (Peter v. Beverly, 10 Peters, U. S. 564.)

3. "This jurisdiction, notwithstanding the extinction of the power at law, would compel its execution in favor of those whose benefit of the power was given." (2 Johnson's Chancery, 21.)

4. "Equity will, in the proper case, aid the defective execution of the power by supporting, correcting and completing it." (Mut. Life Ins. Co. v. Everett, 40 N. J., Eq. 345.)

5. "When the power given to several persons, is a mere naked power not coupled with an interest, it must be executed by all, and does not survive. But when the power is coupled with an interest, it may be exercised by the survivor. . . . It is the possession of the legal estate, or a right in the subject over which the power is to be exercised, that makes the interest in question." (Peter v. Beverly, 10 Peters, U. S. 564; Chandler v. Rider, 102 Mass., 270, Phil. Trust Co. v. Lippincot, 160 Pa., St. 300, 14th Johns' Rep. 533, 2nd. Johns' Chancery 19, Sugden on Powers, Vol. 1, page 273, Thomas' Coke, Vol. 1, page 313, Sec. 399, Note 13, page 314; Robert's Widow v. Stanton, 2nd Munf. Va., 129; Norcum v. D'Oench, 17 Mo., 98-120, Pomeroy's Eq., Vol. 2, Sec. 835; Tollett v. Tollett, 2nd. P. R. Williams, 489, 11th Johnson, 171; Sugden on Powers, Vo. 2, 94-95 & 100; Smith v. Bell, 6 Peter 68; Franklin v. Osgood, 14 Johns, 527, 15 Johns, Cha. 34; Cooper v. Given, 16 Johns, 167; Lorings v. Marsh, 6 Wallace, 354; Sugden on Powers, Vol. 1, 322-323.)

OPINION OF THE COURT BY JUDGE BARKER AFFIRMING.

This action involves the title to a lot on the southeast corner of Shelby and Madison streets in Louisville, Ky. Originally, it was owned by Henry Vonderheide (now deceased), who left a widow, Elizabeth Vonderheide, and three children, George Vonderheide, Joseph Vonderheide, and Minnie Vonderheide, now the wife of John F. Berger. In this property the widow had a dower interest subject to which her children were tenants in coparcenary. After the death of their father, the children, desiring to make a more effectual provision for their mother than the law gave her, conveyed to her the property in fee simple, and at the same time took from her a deed to George Vonderheide in trust for the benefit of his mother for life, and at her death to her three children. Subsequently one of the children, Joseph Vonderheide, died intestate and without issue, leaving a widow, Mary Vonderheide. After this all of the parties in interest entered into a contract in writing whereby they agreed and undertook to sell

the property to the appellant for the sum of $8,000 cash; in pursuance of which a proper deed was prepared by the appellees, which the appellant refused to accept, not because he did not desire to carry out its contract for the purchase, but because it was advised that the appellees could not convey a merchantable title to the property. Thereupon this action was instituted for a specific enforcement of the contract, and a judgment for the agreed purchase price of the land in question, with the result that the chancellor sustained the prayer of the plaintiffs' (appellees') petition, and rendered judgment in accordance therewith, of which the appellant now complains.

No technical questions of procedure are presented; the one point for adjudication being whether or not the appellees, under the trust deed after the death of Joseph Vonderheide, had the power to sell the property. So much of the deed as we need consider for the elucidation of the problem is as follows: "But this conveyance is made upon the following express trust, that the said property shall not be sold, mortgaged, or incumbered by the trustee except as herein provided, until after the death of the party of the first part, for any amount whatever, unless the same is agreed to in writing by the party of the first part and by all three of the children of the party of the first part. But in the event the party of the first part and the three children of the party of the first part agree to any such sale or incumbrance before the death of the party of the first part, the party of the second part is authorized to make such conveyance, the said children uniting therein to evidence their consent. The entire income of said trust estate after payment of taxes and necessary repairs shall be paid by the party of the second part to the party of the first part, his mother, to be used by her for her comfortable support and maintenance during her entire

and natural life. After the death of the party of the first part the said property or the proceeds of the sale of any property that may be sold and which has been reinvested shall be equally divided between the three children of the party of the first part, to wit: Joe Vonderheide, George Vonderheide and Minnie Berger. Or in the event of the death of any of said children leaving lawful issue, such issue shall take the share the parent would take if living.''

While appellant concedes that the foregoing language invests the trustee with the power of sale, provided consent thereto was given by the tenant for life and all of the children who owned the remainder, it insists that, after the death of Joseph, the power of sale did not survive to the trustee and the three remaining beneficiaries, but became void and nonenforceable. It is evident that it was the intention of the children to convey to their mother a life estate in the land, and thus make a more ample provision for her than she already possessed; but it is inconceivable that they intended to diminish their interest in the property any further than was necessary to effectuate this filial duty which they felt they owed their mother, and we therefore do not feel authorized, taking into consideration both deeds which were made at the same time and were evidently a part of one plan, to conclude that they intended to do more than to convey her the life estate in the whole property, with remainder to themselves. They evidently intended taking the same interest in the entire property that they had in that part which was subject to their mother's dower. This being true, when Joseph Vonderheide died intestate and without issue, all his interest, subject to his wife's right of dower, if any, descended to his mother and brothers as his heirs at law. As his wife joined in the deed to appellant, we need not consider whether or not she

was entitled to dower in her husband's estate in the land. Clearly, then, the appellees, who are proposing to sell and convey the property in question to appellant, together own it in fee simple. The veto power on the sale by the trustee provided for in the deed was given for the purpose of enabling each party interested to protect himself from an unauthorized sale by the trustee, and this intention ought not to be frustrated, as is insisted on by appellant, by the refined subtlety of the common law in regard to the survival of powers, for after all the rule in such cases is to effectuate the manifest intention of the parties in interest; and this we think is clearly done by holding that the right to veto a sale, given by the trust deed, is limited to the beneficial owners of the property at the time. The children of the living tenants in remainder have no interest under the trust deed until the death of their parents, and this interest will not prevent the parents effectually consenting to a sale by the trustee.

But if we were less certain of the soundness of our position on this point, we would still uphold the chancellor's judgment, for, if we consider the trustee and the four beneficiaries as joint donees of the power of sale under the trust deed, still, after the death of Joseph Vonderheide, the power of sale survived to the remaining donees. Undoubtedly at common law there was no survivorship among donees of a mere naked power, not coupled with an interest, or the execution of a trust; but, where donees are beneficially interested in the subject of the power, the rule is exactly reversed, and then the power survives to the remaining donees upon the death of one or more of them. In the case of Peter v. Beverly, 10 Pet. 564, 9 L. Ed. 522, the Supreme Court of the United States said on the subject in hand: "The general principle of the common law, as laid down by Lord Coke (Co.

Lit. 112, b), and sanctioned by many judicial decisions, is that, when the power given to several persons is a mere naked power to sell, not coupled with an interest, it must be executed by all, and does not survive. But when the power is coupled with an interest, it may be executed by the survivor. Franklin v. Osgood, 14 Johns. (N. Y.) 553; Osgood v. Franklin, 2 Johns. Ch. (N. Y.) 19." The same rule was recognized and declared in the case of Muldrow's Heirs v. Fox's Heirs, 2 Dana, 74, and approved in Ross v. Clore, Executor, 3 Dana, 189. In 2 Pomeroy's Equity Jurisprudence, § 835, it is said: "The general rule that equity refuses to aid the nonexecution of powers, and only corrects their defective execution, relates only to bare, naked, or mere powers; it does not apply to powers coupled with a trust." In Perry on Trusts, § 505, the rule is thus stated: "And it is well settled that, even in trusts reposed in trustees by name, the survivor, if he takes the estate with a duty annexed to it, can execute the power; and the rule of survivorship now applies not only to trusts, or powers imperative which are construed as trusts, but also to such discretionary powers as are annexed to the office of trustee, and are intended to form an integral part of it." In 22 Am. & Eng. Encycl. of Law, p. 1101, it is said: "At common law where a naked power is given to joint donees, it does not survive upon the death of one, and cannot be exercised by the survivor or survivors; and this is especially true where such powers are conferred upon donees jointly as matters of personal trust or confidence. Where, however, the power is coupled with an interest, both the interest and the power survive, and the power may be executed by the survivor or survivors."

The judgment of the chancellor is affirmed.