## Combes' Guardian, et al. v. Swigert's Executor, et al.

(Decided January 29, 1918).

### Appeal from Fayette Circuit Court.

1. **Wills—Construction—Rules of Construction.**—Rules of construction may not be resorted to to make doubtful the intention of a tes-

tator, where such intention may be ascertained from the language employed in the will.

2. Trusts—Sale of Trust Property—Powers.—The trustee of a testamentary trust empowered with the concurrence of testatrix's daughter to be expressed by joining in the deed, to sell and convey such of the trust property as they thought proper and necessary to sell, may sell such property only when the daughter concurs by joining in the deed.

3. Trusts—Sale of Trust Property—Implied Powers.—Power of the trustee to sell and convey trust property, without the concurrence of the daughter expressed as prescribed in the will, is not to be implied from the trustee's sole control of the reinvestment of the proceeds of sales of trust property.

4. Trusts—Sale of Trust Property—Concurrence in Sale.—The laying off of the trust property into small lots, by the trustee with the concurrence of the daughter, for the purpose of selling them, is not a compliance with the provision of the will requiring that the concurrence of the daughter be expressed by joining in the deed.

JAMES A. WILMORE and FRED H. RYAN for appellants.

HUNT & BUSH for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By her will probated June 13, 1908, Annette M. Swigert devised to the Security Trust Company a farm in Fayette county near Lexington of about 327 acres, and possibly other property, for the use and benefit of her daughter, Annette B. Swigert, during her life, and, after her death, for the use and benefit of her daughter, Mary B. Combes, and her son, Robert A. Swigert, during their lives and to the survivor during life, with remainder to the children of Mary B. Combes. The testatrix's husband, Daniel Swigert, also was given a beneficial life interest in this property upon certain conditions which need not be recited here. Annette B. Swigert was also given the privilege of managing the farm herself or permitting the Trust Company to manage it and pay her the income therefrom, and the power to dispose by will of one-third thereof. The fifth clause of the will gave to the trustee, with the concurrence of Annette B. Swigert, the power to sell and convey the farm. Annette B. Swigert died without a will. Before her death the trustee, with her concurrence, divided a portion of this farm into small tracts and sold and conveyed some of such small tracts to various purchasers.

The trustee then filed this action asking a construction of its power of sale and conveyance under the will, claiming that, since the death of Annette B. Swigert, it has the absolute power of sale and conveyance and that, if this is denied, it at least has the power to sell and convey the unsold small tracts laid off for sale during the lifetime of Annette B. Swigert with her consent and concurrence. The judgment of the chancellor sustains both contentions of the trustee, from which the infant remaindermen, by their guardian *ad litem,* appeal.

The fifth clause of the will is as follows:

"Item 5. My trustee herein named, with the concurrence of my daughter Annette (such concurrence to be expressed by her joining in the deed) shall have the right to sell and convey any real estate not herein specifically devised which they may think it judicious, proper, or necessary to sell; and the purchaser shall not be required to look to the application of the purchase money. The trustee shall have the right to invest the proceeds of any sale of real estate in other real estate or in income bearing securities which are by it considered safe and profitable investments, and shall pay over the net income, semi-annually, as hereinbefore directed."

It is conceded by counsel for plaintiff, the trustee, that, by the other provisions of the will, the management and final disposition of the trust property are provided for, under all possible contingencies; that the fifth clause, quoted above, contains the only expressed authority to sell and convey same during the existence of the trust; and that this clause, if strictly and literally construed, limits the power of the trustee to sell and convey with the concurrence, expressed in the deed, of Annette B. Swigert, but, it is most earnestly insisted, that the will, as a whole, manifests a desire upon the part of the testatrix to provide especially and first of all for the support of the daughter, Annette B. Swigert, and her right during life to dictate the manner of the management of the farm in question, whether by herself or the trustee, and that such provisions explain, and furnish the only reason, for limiting the trustee's power of sale, which should therefore be declared absolute, except during the lifetime of Annette B. Swigert, in order to carry into effect the manifested intention of the testatrix to provide for sale and conveyance without the necessary de-

lay and expense to the estate, incident to a court proceeding.

We believe the rule is too well established to require citation of authorities that the will as a whole, and even the conditions under which it was executed, may be considered in order to ascertain the intention of the testator as expressed in a given sentence or clause, but that we are restricted in our construction of what the testator meant by what he said, and we are not permitted to speculate as to what he meant to say.

Under such an examination of this will, we may concede that the testatrix has manifested a desire especially and first of all to provide for the comfort and independence of her daughter, Annette B. Swigert, during her lifetime, and thereafter for the prudent and economical management of the trust estate for the benefit of her son and other daughter, during their lives, so that the estate may finally vest in her grandchildren, without unnecessary deductions and in the largest value possible; and, in our judgment, this could best be attained by granting to the trustee, in whom large confidence is shown, the power of sale without restrictions of any kind, but there is absolutely nothing expressed in the will to show that testatrix shared our opinion that the best manner of securing the preservation of her estate for the final enjoyment of her grandchildren, would be accomplished by giving to the trustee the absolute power of alienation. Certainly, as admitted by counsel for appellee, so far as she expressed herself upon the question, testatrix did not entertain that view, for the will is silent upon that matter except in the fifth clause, and there the trustee's power of sale is limited.

By the same means that we discover a desire to provide for the comfort and independence of Annette B. Swigert during her lifetime, we learn of a confidence in her judgment and disposition to guard the trust estate, upon which the testatrix relied, it seems to us, in the determination of the advisability of a sale of the trust property. The same prudence that foresaw and carefully provided for every possible contingency in the disposition of the income from her estate during the uncertain lives of her children and for its unrestricted enjoyment thereafter by her grandchildren, ought to be relied upon, to have expressed clearly the purpose of the testatrix when provision was made for the alienation of the es-

tate, during the life of the trust, rather than the surmise that she meant by what she said a very different thing from what she actually said, even though we may think she could have better attained the desired end in a different manner from the one selected by her.

She certainly manifested, by no expression in her will, any desire that the trustee, whose power to sell must be found in the will, should sell the property except with the concurrence expressed in the deed of her daughter, Annette B. Swigert, and we do not think the failure to provide for a sale after the death of this daughter which could have been done easily if desired can reasonably be attributed to a failure upon her part to foresee the death of the daughter because she, in many of the provisions of the will, had in mind and provided for that very contingency.

We are, therefore, constrained to hold that the power to sell and convey was confined to the joint discretion and concurrence of the trustee and Annette B. Swigert, and that the concurrence required of the daughter was not merely a veto power given her during her life upon an otherwise absolute power of the trustee to sell; and, that being true, the trustee alone can not exercise that discretion or the dependent power. Perry on Trusts (6 ed.), vol. 2, sec. 784; Sugden on Powers, vol. 1, sec. 319; Hill on Trustees, sec. 487; Page on Wills, sec. 693; 31 Cyc. 1133; Barber v. Carey, 11 N. Y. 397; Wells v. Brooklyn Union El. R. Co., 107 N. Y. Sup. 77; Alley v. Lawrence, 12 Gray 372; Sprague v. Edwards, 48 Cal. 239; Kissam v. Dierkes, 49 N. H. 605; Piersol v. Roop, 56 N. J. Eq. 739.

Other than cases holding that the literal meaning of a particular clause or sentence may be qualified or even changed by the intention of the testator as manifested in the will as a whole, only two are cited by counsel for appellee; Leeds, Exor. v. Wakefield, 10 Gray 514, and Hackett v. Milnor, 26 Atlantic (Penn.) 738, on the question under consideration, and neither of these, upon examination, is out of harmony with the authorities cited above.

In Leeds, Exor. v. Wakefield, it was held that the executor alone could dispose of the estate after the death of the testator's widow and all of his children, under the following provision of the will:

"And as soon as all my said children shall have come of age (their mother being dead) my said executor shall

proceed as soon as he conveniently can to sell and dispose of my estate for the best price he can obtain, consulting and advising, however, with my said children and not selling unless the consent of a majority of my said children then living, shall be obtained in writing to said sale.''

It will be noticed, however, the limitation upon the power of the executor to sell was the consent in writing of a majority of the children *then living,* and as none was living at the time of the sale the power of the executor was unlimited.

In Hackett v. Milnor, upon a consideration of the whole will, the court discovered, whether rightly or not, a manifested intention upon the part of the testatrix to limit the power of the executor to sell and convey upon the consent of three named daughters, or *the survivor of them,* although the language employed in the limitation of the executor's power of sale was ''by and with the advice, consent, and approval of my said daughters and legatees.''

In the first of these two cases, the very language employed justified the construction given, while in the second case, other provisions in the will were held to justify the construction; but in the case at bar we are quite sure the language employed does not justify the construction sought by appellee, nor are we able to discover in the will as a whole an intention manifested warranting such a construction.

2. Neither do we think such importance can be attributed to the fact that the testatrix, in the clause under investigation, gave to the trustee absolute control of the reinvestment of funds derived from a sale, and relieved the purchaser from any obligation to look to the application of the proceeds of a sale, as to authorize the imposition upon the trustee of an implied power to sell, other than that expressly given, which is but another way of stating the proposition already discussed. This provision is but another evidence of the minute care with which the testatrix expressed her every desire with reference to the manner in which her estate was to be managed, and there is no reason for implying its applicability to conditions not provided for in the will, especially since it is applicable to the provisions of the very clause of which it is a part.

3. The last contention of appellee is that, as to the lots laid off with the concurrence and consent of Annette B. Swigert, which concurrence was expressed by her in the deeds made to purchasers before her death, a sale and conveyance by the trustee, now that she is dead and can not express her concurrence in the particular manner prescribed by the will by joining in the deed, is a substantial compliance with the terms of the will and the expressed limitations; but we are also unable to agree with this contention, even though it has some seeming plausibility, for the most that can be said of her concurrence in laying out the lots is that she consented to the sale of that portion of the farm in such lots, whereas, in our judgment, her consent to the price at which they shall be sold, which is lacking, is equally as essential to a fulfillment of the conditions imposed, even if her concurrence in the particular manner prescribed, by joining in the deed, might be waived as to the unsold lots, since it must be presumed she consented they might be sold as such only when a price to be approved by her could be realized.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings consistent herewith.

The whole court sitting.