## Whisman v. McMullan's Executor et al.

March 3, 1950.

Rufus Lisle, Special Judge.

Bernard B. Davis for appellant.

William H. Hays for appellees.

CLAY, COMMISSIONER—Reversing.

The purpose of this action is to secure judicial sanction of a proposed sale of real property by an executor under the will of J. M. McMullan. The Chancellor adjudged that the executor had the power to make the proposed sale and conveyance.

Mr. McMullan died January 6, 1949, leaving a will which provided in item 4:

"All of the remainder of my estate of every kind and character, personal, real or mixed, is to be equally divided among my wife and two sons, viz.: Philip McMullan and Thomas McMullan, to be theirs absolutely, but if my said son, Thomas should die before my death, then the portion devised to him is to go to his children."

Item 5 provided: in part (our italics)

"(My Executor) is hereby given full power and authority to sell and convey any or all of my real estate, in item 4, either at private or public sale, and to collect the proceeds thereof from the purchaser or purchasers of said real estate, and divide and pay the same as set out in Item 4. *Said Executor shall first obtain the written consent of my wife and two sons before any sale is made.*"

The testator's son, Thomas, predeceased him, and is survived by three infant children. Their guardian raises no objection to the proposed sale by the executor, and the widow and son Philip have given their written consent.

The problem in the case is presented by reason of the fact that it is impossible to obtain the written consent of all those persons designated by the testator, since one of them is dead. It is urged, however, that this right of consent *survived* to the widow and one son. We are referred to cases which hold that a power, coupled with an interest, survives to those remaining in a particular class in the event of the death of one member. See Elizabeth Vonderhide v. Easy Payment Property Company, 123 Ky. 352, 96 S. W. 449.

Careful consideration of this will, however, shows clearly that the acquiescence of the widow and two sons does not constitute a power within the accepted meaning of the principle just stated. The executor, not the consentors, was vested with the power, and the requirement of consent constituted simply a restriction upon his authority.

At common law the rule was that where a power of sale is to be executed with the consent of third persons, it is nullified or extinguished if any person whose consent is required dies prior to its exercise. See Tiffany, Real Property, (3rd Ed.) Volume 3, Section 707; Barber v. Cary, 11 N. Y. 397; and note in 120 A. L. R. 1407. It is true that the language of the will may require a different interpretation. See Wisker v. Rische, 167 Mo. 522, 67 S. W. 218.

The significant consideration is the intention of the testator in creating this particular power. In the instant case, as far as we can determine, he merely provided a convenient agency for the disposal of the real estate on behalf of the three owners. He was very explicit in creating the condition upon which the executor could exercise the power. He required the written consent of his wife and two sons. He made no provision for the substitution of another's consent in the event one of the three was not able to give it. We cannot invoke some legal fiction of survivorship to distort the plain meaning of the condition created by the will.

In the case of Combes' Guardian et al. v. Swigert's Executor et al., 179 Ky. 12, 200 S. W. 38, which we think controlling, a trustee under a will was given power to sell with the concurrence of one of the beneficiaries. We held that after the latter's death the power of sale could not be exercised, since the concurrence of the party named could no longer be obtained.

The reasoning followed in the foregoing case must be applied here. The will shows the testator anticipated the possible death of his son Thomas prior to his own death, but he did not allow for this contingency in creating the condition under which the executor would have a power of sale. Even if we decided that the children of Thomas could be substituted for him in item 5, as they were specifically provided for in item 4, we are confronted with the legal disability of these infant children to

give their consent. This fact itself is significant. Since the rights of infants are under the special protection of the Court, we should not, unless the will clearly requires it, permit a sale of their interest without the specific judicial approval required by the Civil Code of Practice, sec. 489, in a suit brought for that purpose.

It is our conclusion the particular authority given the executor could not be exercised without the written consent of all parties designated; and since this has become impossible, the power of sale under the will has been extinguished. This conclusion, of course, does not foreclose the widow, the son, and the guardian of the children from selling the property by proper judicial proceedings which will protect the interest of the infants.

For the reasons stated, the judgment is reversed.