Harold McCOMBS, Victor McCombs and George McCombs, Jr., Co-Executors, Estate of George McCombs, Sr., Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 921.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Dec. 9, 1965.

Charles F. Wood, Allan B. Solomon, Greenebaum, Barnett, Wood & Doll, Louisville, Ky., for plaintiffs.

John B. Jones, Jr., Acting Asst. Atty. Gen., Rufus E. Stetson, Jr., and Robert F. Sama, Attorneys, Department of Justice, Washington, D. C., Ernest W. Rivers, U. S. Atty., Louisville, Ky., for defendant.

SWINFORD, District Judge.

This is an action for the recovery of federal estate taxes and interest in the sum of $10,267.56.

George McCombs, Sr., died testate on October 27, 1957. His will, dated November 13, 1954, was admitted to probate by the County Court of Edmonson County, Kentucky, on January 16, 1958. An estate tax return was filled out for the plaintiffs by a public accountant in January 1959. No marital deduction, as provided under Section 2056(a) of the Internal Revenue Code of 1954, was claimed on this return. Thereafter the plaintiffs advised with the trust department of the Citizens Fidelity Bank & Trust Company in Louisville, Kentucky. It is represented that they were advised by that institution that a construction of the will should be sought in the Edmonson Circuit Court and that the estate tax return should be revised claiming the marital deduction.

On March 9, 1959, the plaintiffs filed a declaratory judgment action in the Edmonson Circuit Court. The plaintiffs in that action were Victor McCombs, George McCombs, Jr. and Harold McCombs, co-executors of the will of George McCombs, Sr. The defendants were the widow and children of George McCombs, Sr. and the beneficiaries under his will. The complaint was filed by B. M. Vincent, as attorney for the plaintiffs, and asked that the widow, Lulu McCombs, be adjudged an absolute right, title and interest to all the property in the estate and that she be not limited in this ownership by any provisions in the will as to her full and complete handling and disposition of it. On the same day an answer was filed. It was signed personally by each of the defendants. This answer was prepared by Mr. Vincent, whose explanation that he thus represented all parties in the litigation was to the effect that the heirs were in a friendly dispute and that he was seeking to aid them as much as a friend as an

attorney. In the state court action there was filed the deposition of one of the plaintiffs, George McCombs, Jr., which dealt only with the co-executor's understanding of what his father's intention was when he drafted the will, so consequently, was of no evidential value. There were no other witnesses.

Items IV, V and VI of the McCombs will must be recited here and are as follows:

"Item IV: It is my will that my faithful and loyal wife, Lulu McCombs, after the hereinabove bequests have been deducted, have the entire residue of my estate of every kind whatsoever, including all personal and real property of every nature, so long as she may live; with full power to use, to enjoy, to sell, and to dispose of—subject however to the approval of the executors hereinafter named. That is, she shall have power and authority to sell and to convey any personal propertyor (sic) real property belonging to this estate subject to the approval of the executors hereinafter provided.

"Item V. It is my will that at the death of my wife, Lulu McCombs, whatsoever and all that remains of my estate, after the payment of all expenses and taxes of every kind and all expenses incident to the proper settlement of my estate, be equally divided among my seven (7) children named hereinbefore. It is my wish that no appraisement be had of the furniture and personal effects used in connection with the home, and that they be divided and distributed among my aforesaid (7) seven children as they may mutually, fairly and agreeable decided (sic) among themselves.

"Item VI. It is my will and request that my three (3) sons, Harold McCombs, Victor McCombs, and George McCombs, Jr. act as joint executors of this will, and that they be permitted to qualify as such without bond being required; and that they have full power to sell and to convey and to dispose of any and all property, including personal, mixed, choses in action, and real estate, either privately or publicly as they may see fit subject, however, to provisions in item four (4) above. IN THE EVENT that either of these three suggested executors should for any reason or cause be disqualified, or unable to continue and to carry out this trust to its final conclusion, then and in that event, the remaining ones, or one, or any one of the three shall have all of the power and responsibilies (sic) delegated herein to the control, management, disposition, and sale of the property belonging to the estate at such time. AND, that as a token of appreciation for the performance of this trust, it is my will that Victor McCombs be paid the sum of $200.00 and that Harold McCombs and George McCombs, Jr., each be paid the sum of $100.00, the former having had considerable previous experience along similar lines of the nature of this trust."

The state court entered judgment in which it held that the co-executors had no right to control or to exercise dominion over the estate property except in an advisory capacity, since, as it said, "this will created an advisory trust only". The judgment contained the following paragraphs:

"It is the opinion of the court that plaintiffs have no right or power over the property set out in the Will to Lulu McCombs, widow of George McCombs; that they have no control over the property or proceeds, except in an advisory capacity; that this will created an advisory trust only and that the executors have no inherent right to control or have dominion over the property (sic) or the

proceeds and they have no duty to perform, except to advise Lulu McCombs.

\*   \*   \*   \*   \*   \*

"It is therefore the judgment of this court, and it is so adjudged that Lulu McCombs, takes the property described in the will, as her own, and that she is not limited in the ownership of said property or in the proceeds from said property, and that she has the full and free use of same, and that she is not limited in ownership in anyway (sic)."

Upon this state of facts, the court is presented with the following questions: (1) Must it follow the decree of the Edmonson Circuit Court? (2) If it is not bound by that decree, does the will vest an estate for life with power of appointment in the beneficiary, Lulu McCombs, thereby justifying the claim for a marital deduction as provided in Section 2056(a), Internal Revenue Code of 1954? These questions will be discussed in the order presented.

In the case of Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585, the Supreme Court of the United States said: "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." This court is not bound by the decision and opinion of the Edmonson Circuit Court. The court that made the decision was not an appellate court which in its collective wisdom might lay down a binding determination of what the law in the State of Kentucky was. But where the law of a state has been determined and applied by a nisi prius court for a decision in a given case, unlike those rendered by reviewing courts, pronouncements of the principles of law of the state need not be followed. This is especially true where the decision impinges upon federal interests, and, as in this case, directly affects the collection of federal taxes. King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed.2d 608.

The court must conclude from the record that the case in the state court was a non-adversary case and in reality a friendly suit to which there was no opposition or adverse party. It can only be concluded that it was instituted for the purpose of defeating the collection of the federal tax and all of the litigants were desirous of obtaining the same end. The government was not a party to the action, and, insofar as the record shows, was not advised in any way of its pendency. There was no appeal taken from the decision, although it must be conceded that the decision was contrary to the repeated statements of the law in the construction of wills and deeds by the Court of Appeals of Kentucky as shown in the following listed cases.

In Moore v. Morris, 258 S.W.2d 908, the Kentucky court of last resort said: "If she was clothed with the unqualified power of disposition we have just mentioned, she was invested with a fee. On the other hand, if she can only execute and deliver inter vivos conveyances, she has only a life estate in the property. Wintuska v. Peart, supra [237 Ky. 666, 36 S.W.2d 50]; Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553; Spicer v. Spicer, 177 Ky. 400, 197 S.W. 959; and Angel v. Wood, 153 Ky. 195, 154 S.W. 1103." Whisman v. McMullan's Executor, 312 Ky. 402, 227 S.W.2d 926; Gathright's Trustee v. Gaut, 276 Ky. 562, 124 S.W.2d 782, 120 A.L.R. 1403; McKee v. Hedges, Ky., 297 S.W.2d 45.

The word 'collusion' is not meant to imply fraudulent or improper conduct on the part of either the parties or the attorney. It was collusive in the sense that a decision was sought which would adversely affect the government's right to additional taxes. There was no genuine issue of law or fact and no bona fide controversy between the executors and the beneficiaries as to property rights, but the action resulted in a judgment that frustrated the plan of the testator, if the accepted rule in the State of Kentucky as pronounced by its court of last resort is to have any meaning whatsoever. Peyton's Estate v. C. I. R., 8 Cir.,

323 F.2d 438, and numerous cases cited in the opinion.

■ The record discloses that the testator was a lawyer and the language used in the will is clear and free from ambiguities. So long as the intention of the testator is gathered from all parts of the will and is not in conflict with some positive principle of law, it must be given effect and this is the law of Kentucky. Lewis v. Lewis, 253 Ky. 843, 70 S.W.2d 679. This settled law of the state must be applied to the facts in the case at bar. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585; Snyder v. U. S., W.D.Ky., 203 F.Supp. 195.

■ The court is of the opinion that the provisions of Item IV of the will fix a limitation upon the free exercise of a disposition of any part of the estate by the widow and that the requirement that any disposition of any part of the estate was to be with the approval of the executors brings the case within Section 20.2056(b)–5(g) (3) of the Treasury Regulations on Estate Tax in the 1954 Code. This regulation provides that "a power is not considered to be a power exercisable by a surviving spouse alone * * * if the exercise of the power in the surviving spouse * * * requires the joinder or consent of any other person." The regulation is valid and must be applied to the facts in the case at bar. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831. The explicit terms of this provision of the will deny to the widow the unlimited power of disposition. See Piatt v. Gray, 6 Cir., 321 F.2d 79; Duvall v. U. S., E.D.Ky., 246 F.Supp. 378.

It is the judgment of the court that this estate cannot qualify for the marital deduction and that the complaint should be dismissed at the cost of the plaintiffs. Findings of fact, conclusions of law and judgment in conformity with this opinion will be prepared and submitted by the attorneys for the United States.