## Woodward, et al. v. Anderson, et al.

(Decided October 25, 1911.)

### Appeal from Daviess Circuit Court.

Will—Life Estate—Power of Disposition—Limitation  Over  Valid.— Testator devised all of his property to his wife "to be hers absolutely to do with as she pleases during her lifetime," with limitation over of anything that remained at his wife's death. Held, that the wife took a life estate with general power of disposition, and that the limitation over was valid, and therefore effective as to any property undisposed of by her.

SWEENEY, ELLIS & SWEENEY for appellants.

LaVEGA CLEMENTS, BEN D. RINGO for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

William P. Hogan died, a resident of Daviess County, Kentucky, in the year 1908. At that time he was married to Mary Catherine Hogan, but no children were born of the marriage. His wife died, intestate, during the year 1910. William P. Hogan left a will which is as follows:

I, William P. Hogan, of Delaware, Daviess County, Kentucky, being in good health and disposing memory, do make this my last will and testament.

"First: I direct that after my death, that all my just debts be paid as soon as possible, and that the sum of $50.00 be given to the pastor of St. Alphonsus Church at St. Joseph, Ky., as an offering for masses to be said for the repose of my soul.

"Second: I give and bequeath to my beloved wife, Mary C., all of my real estate, personal property, moneys, notes and valuables that I may be possessed of at the time of my death, to be hers absolutely, to do with as she pleases during her life time.

"Third: After my wife's death it is my will and I direct that any property remaining to be sold and $50.00 be given to the pastor of St. Alphonsus Church, St. Joseph, Ky., as an offering for masses for the repose of her soul, and that $50.00 be given as a donation for the benefit of St. Alphonsus Church and if there be anything remaining I direct that it be equally divided between my nieces, namely: Helen Powers, Kate Merrimee, Belle Clements, Nellie Clements, Capitola Clark, Mary F. Calhoon and Mary B. Clements. * * * "

Upon the death of the testator his widow sold and conveyed certain real estate which the testator owned at the time of his death. With the proceeds of the estate devised to her she purchased a dwelling house, in which she lived at the time of her death.

Plaintiffs, Mattie Woodward and others, as heirs of Mary C. Hogan, brought this action against Robert Anderson, lessee of the property in question, and Helen Powers and others, devisees under the will of William C. Hogan, to recover the dwelling house in which Mary C. Hogan lived. The defendants, Helen Powers and others, denied the title of plaintiffs and asserted title to the property in themselves under and by virtue of the aforesaid will. A demurrer to their answer was overruled, and plaintiffs declining to plead further, their petition was dismissed. From that judgment this appeal is prosecuted.

The ownership of the property in question depends upon the construction of the will of William P. Hogan. In wills of this character there are two classes of cases, holding:

1. Where property is devised absolutely, with the power of unlimited disposition, and by a subsequent part of the will the testator undertakes to devise over an un-

disposed of remainder of the property, the limitation over is void.

2. Where a life estate only is devised, with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death of the life tenant is valid.

Examples of the first class of cases are Clay and Others v. Chenault, 108 Ky. 77; Dulaney, et al v. Dulaney, et al, 25 Ky. Law Rep. 1659; Becker, et al v. Roth, et al, 132 Ky. 429; Nelson, et al v. Nelson's Ex'r., 140 Ky. 410.

In Clay, et al. v. Chenault, supra, the rule is thus stated:

"It seems to us that the decided weight of authority, if, indeed, there be any to the contrary, is to the effect that a will or deed, giving to the vendee or devisee full power to sell and convey, passes the absolute fee, and that any provision or devise over is absolutely void for the reason that it is inconsistent with or repugnant to the fee, and that it is wholly immaterial whether the power to sell or dispose of the property shall have been exercised or not. This view is not at all in conflict with the law which allows a power of appointment to be vested in one who merely owns a life estate in the property."

Examples of the second class of cases are McCullough's Adm'r. v. Anderson, 90 Ky. 126; Pedigo's Ex'r. v. Botts, 28 Ky. Law Rep., 196.

In the case of McCullough's Adm'r. v. Anderson, supra, the will of Samuel McCullough was as follows:

"To my most precious and well beloved wife I give, during her life, all my estate, real and personal, whether in possession or in action, with full and ample authority to dispose of the whole of it as she pleases. At her death, should she not have previously made a testamentary distribution of all remaining undisposed of by her, I desire that all such remainder shall be distributed as herein directed."

In construing this will this court said:

"After a careful review of all the authorities to which our attention has been called, the rule sanctioned and followed is this: If the estate is given or devised generally or indefinitely with a power of disposition, it passes a fee, but when the devisor or grantor owning the fee gives to the first taker an estate for life, with the power to dispose of the fee, no greater estate is vested in

the first taker than that carved out of the fee and vested in him by the devisor or grantor. He is given a life estate in express terms, and the failure to exercise the power gives to the remaindermen the fee, because no disposition having been made of it by the life tenant, he takes under the will or conveyance. It is said 'if an estate be given to a person generally or indefinitely, with a power of disposition it carries a fee, unless the testator gives the first taker an estate for his life only, and annexes to it a power of disposition. In that case the express limitation for life will control the operation of the power and prevent it enlarging the estate into a fee.' "

It is the contention of appellants that the will in question falls within the rule laid down in the first class of cases, because the proprety devised to Mary C. Hogan was given to her absolutely. Had the devise to Mrs. Hogan concluded with the word "absolutely" there would have been no doubt as to the correctness of appellants' position. The devise, however, is further qualified by the clause 'to do with as she pleases during her life time." We, therefore, conclude that the testator intended to give his wife only a life estate, with a general power of disposition. Under this power she might have disposed of all the testator's property and consumed his estate as she saw fit; having failed, however, to exercise this power, the limitation over what remained was valid, and the title to the property which remained undisposed of at the death of Mary C. Hogan, passed to the appellees as devisees under the will of her husband.

Judgment affirmed.