**COLLINGS et al. v. COLLINGS'
EX'RS et al.**

Court of Appeals of Kentucky.

May 22, 1953.

Rehearing Denied Oct. 16, 1953.

Stephen S. Jones, guardian ad litem, Victor W. Ewen, E. Skiles Jones, James W. Stites, Louisville, for appellants.

Woodward, Hobson & Fulton, Bullitt, Dawson & Tarrant, Louisville, for appellees.

STEWART, Justice.

This action was brought below by the widow, Bess H. Collings, and the executors of the will of Ben H. Collings, deceased, as plaintiffs, against the decedent's cousin, Lowell Anderson Collings, the latter's infant daughter, and the other known heirs of the decedent, primarily to construe the above-mentioned will. The following clauses of the instrument, dated May 10, 1946, are the pertinent ones so far as this litigation is concerned.

"3. All the rest and residue of my estate, real, personal and mixed, of whatever kind and description and wherever situated, I will, devise and bequeath to my beloved wife, Bess H. Collings.

"4. Any part of my estate remaining undisposed of at the time of the death of my said wife, I will and bequeath to my cousin, Lowell Anderson

Collings. Should he not survive her, then to his decedents, if he leaves any, and if not, to my heirs at law."

The widow and the executors contend paragraphs three and four of the will when read together vest in the widow, Bess H. Collings, the fee simple title to the residuary estate, whereas Lowell Anderson Collings maintains the widow received only a life estate in the residue and at her death he will be entitled, if alive, to decedent's entire residuary estate, or, in the alternative, to so much thereof as the widow does not dispose of for her own use and benefit during her lifetime. The Chancellor filed a written opinion holding in effect that Item 3 of the will devised the residuary estate in fee simple to the widow and that Item 4 is "fatally vague and uncertain" and therefore void. Lowell Anderson Collings and the other defendants below have appealed.

■ It is often difficult to determine whether a particular will devises a fee or a life estate. But out of the many decisions written by this Court on this issue there have emerged two controlling principles. The first of these is thus summarized in Sisson v. Sisson, 208 Ky. 843, 272 S.W. 15: "The pivotal question in every case is, Did the first devisee take a fee or life estate? and one of the tests is, Was he given the unlimited power of disposition?"

■ The second principle, followed in this jurisdiction for many years, is that the intention of the testator as gathered from the will as a whole and from the language employed by the testator in writing it is to control. To attempt to arrive at the intention of the testator by any other method would be to indulge in a piecemeal interpretation of his will rather than a construction of all the clauses contained in a single instrument as a unit. Points v. Points, 312 Ky. 348, 227 S.W.2d 913.

■ It should be pointed out that, in construing any will as a whole in order to ascertain the intent of the testator, we departed many years ago from the rigid and often harsh common law rule that where

the instrument contains technical phrases appropriate to create an apparent fee, it is legally impossible by subsequent clauses to qualify or limit the effect of the language in the prior part of the will. This Court is now committed to the following doctrine set forth in Greenway v. White, 196 Ky. 745, 246 S.W. 137, 139, 32 A.L.R. 1385:

"It may be admitted that some of the earlier decisions, including, perhaps, some from this court, under the ancient common-law doctrine that there could be no limitation upon a fee, held that, where a will or other instrument of conveyance gave an estate absolutely to one with express or implied power of unrestricted disposition, the estate could not be reduced by any subsequent provision of the instrument, but the courts generally, including this one, have long since come to the conclusion that the rule requiring the intention of the maker, either of a will or deed, as gathered from the entire instrument, to prevail, overshadows and dispenses with the ancient technical, common-law rule, and that, where it appears from the entire language of the will or deed that it was the intention of the maker to limit the estate given or granted to less than an absolute one, that intention will prevail."

In Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1, we declared that the gift over of a remanent of the estate is no longer conclusively presumed to be void. See Weakley v. Weakley, Ky., 237 S.W.2d 524. However, before the McDanell case was decided, the opinion of Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905, handed down in 1945, unquestionably recognized and gave support to the proposition that the gift over may serve to define the estate of the first taker as a life interest.

■ Whether the will in controversy devised to the widow a fee or a life estate is dependent upon the answer to this question: Did the testator invest his widow with power to deed and to devise in fee simple all the property embraced in his will? If the widow can only dispose of the devised

937

estate while she is living, that is, by inter vivos conveyances, then, although she can pass a fee simple title by deed, all that she has is a life estate with power to encroach on the corpus. An absolute fee is bestowed when the testator endows his widow with an unlimited power of disposition as to the property devised not only during her lifetime but also on her death. Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50, Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553, Spicer v. Spicer, 177 Ky. 400, 197 S.W. 959, and Angel v. Wood, 153 Ky. 195, 154 S.W. 1103.

With the foregoing principles to guide us, we now turn our attention to the language of the will, and we note that there is no express power of disposition vested in the widow in either of the foregoing items. Such power must be implied and we shall elaborate on this point hereinafter. In Item 4 the testator unqualifiedly devises and bequeaths, and we quote, "any part of my estate remaining undisposed of at the time of the death of my said wife" to "my cousin, Lowell Anderson Collings." This same paragraph definitely provides for the further disposition of his property if certain contingencies develop. When Items 3 and 4 are considered together they merely invest the widow with the authority to use and enjoy the estate for her needs and comfort as she may deem it necessary during her natural life. It is unmistakably clear under the fourth clause that the widow cannot dispose of the remainder of the estate by will because the testator not only reserved this right exclusively to himself but he has already fully exercised it. Therefore, to sum up, the will gives the widow full power to dispose of the property for her own use and benefit during her lifetime but it limits her disposition of it at her death, and we therefore conclude that the testator did not intend to give her the devised property in fee.

■ Appellees argue that KRS 381.060 (1) compels us to declare the estate to be vested in fee simple in the widow. We do not agree with this contention. This sub-section does nothing more than dispense with the necessity to use "words of inheritance" in a deed or will in order to create a fee. The provision did not change the rule that where there are words in a conveyance or a devise indicating the intent they will nevertheless govern. In Hall v. Wright, 121 Ky. 16, 87 S.W. 1129, 1130, in construing Section 2342 of the Kentucky Statutes of 1903, now KRS 381.060(1), we succinctly set forth the foregoing point in this language:

> "Under the common law, when a grant was made to a person without words of inheritance, the estate would not pass to the heirs, and the grantee would not take the fee-simple title; hence the necessity for this statute to pass the fee-simple title to purchasers when no words of inheritance were contained in the conveyance. But this statute does not apply where there are any words in the conveyance indicating how the title is to pass."

■ Inherent in the will is the plain meaning that there was bestowed upon the widow an implied power to encroach upon the corpus of the estate during her lifetime. The testator undoubtedly intended that his widow should have a free hand in the use and management of his property and he meant, we believe, for her to have this use and management untrammelled by court proceedings or other interference. In short, we are of the opinion and we hold that it was the testator's intention that his widow should possess all right as to the use and enjoyment of the devised estate during her natural life; nevertheless, she may not willfully waste it, nor give it away, nor dispose of it by will.

Wherefore, the judgment is reversed with directions that it be set aside and that a judgment be entered in conformity with this opinion.

DUNCAN and MOREMEN, JJ., dissenting.