## MOORE v. MORRIS.

Court of Appeals of Kentucky.
June 5, 1953.

will of decedent, L. L. Morris, the father of appellant and the husband of appellee, which reads as follows:

"I give, devise and bequeath to my wife, Carrie May Morris, all of my property, real, personal and mixed, of whatsoever nature, and wheresoever situated, that I may own at my death, to be hers for and during her natural life with remainder in fee simple to my daughter, Wilma May Morris. I hereby give my wife the power to sell and dispose of any of said property during her lifetime and to use the proceeds as she may see fit and the purchaser of any of it does not have to look to the application of the proceeds and if any of said property be left at her death then same to pass to my daughter under this item. I hereby give my wife power to make and sign any deed or other instrument necessary to pass title to any of said property and also power to acknowledge said instruments."

Appellee concedes that under the provision above quoted she did not acquire a fee-simple title to the estate of her husband but that, be that as it may, the door is left wide open as to what use she may make of the property or its proceeds. Her further contention is that, under the sweeping power of disposition bestowed upon her, she was invested with the right to will all or any part of the property embraced in the item under consideration. Appellant maintains that appellee's use of the property is restricted to her personal needs and enjoyment for the duration of her life.

This Court is committed to the doctrine in construing a will that the intention of the testator must be gathered from all the language employed in the writing of it, regardless of any collateral and subsidiary rules which may be resorted to in arriving at such intention when its expression is obscure. Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50; Jones v. Jones' Ex'rs, 198 Ky. 756, 250 S.W. 92.

In determining whether a fee or a life estate has been given, the test is: Was appellee endowed with such unlimited power of disposition over the property left to

---

Brents Dickinson, Glasgow, for appellant.

Bullitt, Dawson & Tarrant, Louisville, Bernard H. Barnett, Louisville, Richardson & Barrickman, Glasgow, for appellee.

STEWART, Justice.

The only question involved in this case is the correct construction of Item II of the

her by her husband that she may not only convey it during her lifetime but will it at her death? If she was clothed with the unqualified power of disposition we have just mentioned, she was invested with a fee. On the other hand, if she can only execute and deliver inter vivos conveyances, she has only a life estate in the property. Wintuska v. Peart, supra; Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553; Spicer v. Spicer, 177 Ky. 400, 197 S.W. 959; and Angel v. Wood, 153 Ky. 195, 154 S.W. 1103.

Coming now to a consideration of the foregoing item, with the two principles we have set forth to guide us, we think there is no doubt that the manifest intention of the testator was that his wife should during her natural life enjoy his estate and use it even to the exhaustion of the corpus as she might deem it necessary. There is nothing in the language of the item, or in any other part of the will, which directly or impliedly prohibits her from selling the property and she is left free to do "as she may see fit" with the proceeds. The one limitation imposed upon her is that she may make no testamentary disposition of any part of the property by will, for the reason that her husband reserved this right and exercised it himself. Therefore, we conclude that appellee took only a life estate under the will with unrestricted power to encroach upon the corpus.

This action was instituted in circuit court to obtain a declaration of rights under section 639a–1 et seq. of the Civil Code of Practice. The petition sufficiently alleged the controversy which existed between appellant, plaintiff below, and appellee, defendant below, and asked for a declaration of their respective rights under Item II of the will. Defendant below filed a demurrer to the petition, which was sustained, and, upon the failure of plaintiff below to plead further, the petition was dismissed. The lower court committed a reversible error in not overruling the demurrer and in failing to declare the rights of the parties.

Wherefore, the judgment is reversed and set aside, with directions that the demurrer be overruled and that a new judgment be entered in conformity with this opinion.