Mary Hanifan MITCHELL, Individually and as Executrix of the Last Will and Testament of Mary Pearl Hanifan, Widow, Deceased, Appellant,

v.

Mary Lydia MITCHELL, an Infant Under Seven Years of Age, etc., Appellees.

Court of Appeals of Kentucky.

March 11, 1955.

Reed & Hines, Paducah, for appellant.

William B. Byrd, Paducah, for appellees.

WADDILL, Commissioner.

This controversy involves the construction of the will and codicil executed by Mary Pearl Hanifan. Insofar as pertinent to this appeal, the will executed in 1943, provides:

"1. I hereby give, bequeath and devise to my daughter, Mrs. Mary Hanifan Mitchell, wife of Billie Mitchell, of Paducah, Kentucky, all of my property of which I may die seized or possessed, or in expectancy, real, personal and mixed, to have, hold, keep and use, and dispose of as her own, together with the rents, issues and profits thereof, after first paying my debts that I may owe at my death, including all taxes due or owing against said property."

In 1946 testatrix executed the codicil, which reads as follows:

"That I, Mary Pearl Hanifan, add this codicil to my last will dated November 29, 1943.

"In case my daughter, Mrs. Mary Hanifan Mitchell, leave an heir or heirs, they will receive all of my possessions as bequeathed to my daughter, Mrs. Mary Hanifan Mitchell.

"In case of my daughter's death, leaving no heirs, I want my estate to be divided equally among my three sisters and one niece, namely: Mrs. Myrtle A. Mattox, Mrs. Carrie A. Rudy, Mrs. Inez A. Hogg, and Miss Helen F. Bell, a niece, with this exception * * *."

Testatrix had only one child, Mary Hanifan Mitchell, the appellant. Since the death of testatrix, appellant has had one child, Mary Lydia Mitchell, one of the appellees.

Appellant filed a declaratory judgment suit, seeking a construction of the will and codicil. All the beneficiaries under the will, including the unborn children of Mary Hanifan Mitchell, and her heirs were named defendants. The contingent bene-

ficiaries, Inez A. Hogg and Myrtle A. Mattox, and their respective spouses, and Helen F. Bell, unmarried, filed answers disclaiming any interest in the estate. The other contingent beneficiary, Carrie A. Rudy, widow, was summoned but declined to answer or assert any claim to the estate.

The court held that the appellant had a life estate in the property, with unlimited power to encroach upon the corpus, and that such property undisposed of at the death of appellant would vest in Mary Lydia Mitchell, the infant child of appellant, and such other children of appellant who were living at her death. The court also held that in the event appellant's children predecease her, then she could dispose of any of the estate remaining by testamentary disposition, and if she died intestate, any of the estate so remaining would pass to her heirs at law then living per stirpes.

Mary Hanifan Mitchell prosecutes this appeal, and appellees, the infant child of appellant and the appellant's unborn children, through their guardian ad litem and attorney, bring a cross-appeal.

The parties to this appeal agree that when the testatrix referred to her daughter leaving an heir or heirs, she was using the term "heir" in a colloquial sense and intended it as a reference to the children of her daughter. Walden v. Smith, 179 Ky. 829, 201 S.W. 302.

■ The question presented is to what extent the codicil changed or modified the interest of the appellant in the property as provided in the will. A will and codicil should be regarded as a single and entire instrument for the purpose of determining the intention of the testator. In construing a will and codicil, a disposition made by the will should not be disturbed further than is absolutely necessary to give effect to the codicil. Fidelity & Columbia Trust Co., Inc., v. Vivian, 294 Ky. 390, 171 S.W. 2d 987.

■ Appellee urges that the gift over was of the entire estate and appellant has no power to encroach upon and use the corpus of the estate during her lifetime. This contention ignores the provision of the will wherein testatrix said that appellant should have her entire estate to "hold, keep and use, and dispose of as her own." From the language used the power of use and disposition of the property is unlimited.

In the case of Weakley v. Weakley, Ky., 237 S.W.2d 524, testatrix's will provided, "I leave all real estate and personal property to my beloved son, L. M. Weakley, to do with as he sees fit. Then goes to my grandchildren at his death to share alike." In that case the court said:

"* * * But the problem with which we are presented here is, whether or not the life tenant in cases where the testator has used such expressions as 'to do as he pleases with,' or 'to do with as he sees fit' has the right to encroach and use the estate during the term of the life tenancy. * * * We believe that when a testator uses such words he means that the first donee may use the estate for his own purposes and if any of it is left over, it shall go to the second donee. * * * It is difficult to conceive of a case where a person would write such an expression where he did not intend that the life tenant would have broad powers to sell and dispose of the estate. * * *"

In the case before us we agree with the Chancellor who held that the testatrix intended to devise and bequeath to the appellant a life estate in all of her property, with unlimited power to encroach upon the corpus of the estate. See, Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935.

Judgment affirmed.