Jane DUVALL, Executrix under the Will of Charles Duvall, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1516.

United States District Court
E. D. Kentucky,
Lexington Division.

July 28, 1965.

William A. Young, Frankfort, Ky., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Robt. F. Sama, Attys., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

The will of plaintiff's testate, Charles Duvall, left all his property (after bequeathing $200.00 per month to his sister for life) to his wife "to do as she pleases without bond for life and after her death the balance to be divided as follows: * * *", whereupon specific cash bequests were made to three individuals and the remaining balance to be divided equally between three other individuals.

Plaintiff claimed and was denied a marital deduction under 26 U.S.C.A. § 2056(b). Both parties have filed motions for summary judgment. The facts of the case are not in dispute; the only question, being one of law, is whether Charles Duvall's will left the plaintiff a power of appointment within the exception to the Terminable Interest Rule so as to require the allowance of the marital deduction.

A surviving spouse, in order to qualify for the deduction, must be given the unrestricted power to appoint the corpus to herself as unqualified owner or to appoint the corpus as a part of her estate. This means, in effect, that she must be able to dispose of it to whomever she pleases, i. e., she must have an unlimited power to invade, to the extent of being able to cut off remainder interests by withdrawing the principal from the testator's estate at any time. Estate of Semmes v. Comm'r, 6th Cir., 288 F.2d 664 (1961); Piatt v. Gray, D.C.W.D.Ky., 201 F.Supp. 401, 403 (1961), aff'd, 6th Cir., 321 F.2d 79 (1963); Treas.Regs. § 20–2056(b)–5 (1954 Code).

In determining what property interests were created in this case, Kentucky case law is controlling. Snyder v. United States, D.C.W.D.Ky., 203 F.Supp. 195, 199 (1962). Nothing in Kentucky law precludes a testator from granting a life tenant the power to invade the principal of the estate, even to the complete extinguishment of remainder interests, if

such an intention is clearly manifested. Moore v. Morris, 258 S.W.2d 908 (Ky. 1953); Lanciscus v. Louisville Trust Co., 201 Ky. 222, 256 S.W. 424 (1923). Where such an intention is not manifested, or where the testator has used words of doubtful meaning, Kentucky law will not allow a life tenant to waste the estate or give it away. See Collings v. Collings' Ex'rs, 260 S.W.2d 935 (Ky. 1953).

█ Inherent in these rules is the concept that the intention of the testator, as gathered from the will as a whole and from the language of the testator in writing it, controls. *Ibid.* The parties herein have cited numerous cases to this court as containing interpretations of testamentary provisions analogous to Charles Duvall's will. In many of these cases, the power to invade arose only by the implication of such words as "if any of said property be left," Moore v. Morris, supra, "any property remaining," Woodward v. Anderson, 145 Ky. 134, 140 S.W. 57 (1911), and others of similar import. The will in the case at bar contains no such implication; it is explicit in stating that after the plaintiff's death "the balance to be divided" as provided.

█ Applying the above-mentioned rules, the court believes that Charles Duvall did not bestow upon the plaintiff the power to encroach upon the corpus of the estate during her lifetime. The testator undoubtedly intended that the plaintiff should have a free hand in the use and management of his property, that she should possess the enjoyment of the devised estate and that she should apply the corpus for the upkeep of her health, education, support and maintenance, but that she should not willfully waste it or give it away so as to extinguish the remainder interests. In short, the plaintiff was not given an unrestricted power of appointment over the corpus. Estate of Semmes v. Comm'r, supra; Snyder v. United States, supra; Piatt v. Gray, supra; Collings v. Collings' Adm'r, supra.

The motion of the defendant for summary judgment is sustained.