Dixie **MELTON** and Oscar Melton, her husband, Appellants,

v.

Masel **WYATT** and Garland Wyatt, her husband, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1974.

Rehearing Denied Jan. 24, 1975.

Damon A. Vaughn, Vaughn & Monhollon, Henderson, for appellants.

Carroll W. Morrow, Moore, Morrow, Frymire & McGaw, Madisonville, for appellees.

STEPHENSON, Justice.

Construing the language of a will to prohibit a gift of real estate by the widow to one of her children, the trial court adjudged the deed to be invalid. We reverse.

The pertinent portions of the will are as follows:

"ITEM II. I give, bequeath and devise unto my wife, Zera Brinkley, all of my estate, both personal and real, for and during her lifetime, with the power to use, sell, mortgage, lease or otherwise dispose of as she sees fit.

"ITEM III. All of my property, both personal and real, remaining at the death of my wife, Zera Brinkley, I give, bequeath and devise unto my three children, Dixie Melton, Wallace Brinkley and Masel Wyatt, and my grandchild, Diana Cline, to be divided equally among them, share and share alike."

Zera Brinkley, the widow, conveyed a fee simple title to all the real estate devised by the will to Dixie Melton, one of the children. The consideration was love and affection.

The trial court based the judgment in declaring the deed to be invalid on Evans v. Leer, 232 Ky. 358, 23 S.W.2d 553 (1930), where we held that the language in the will devising a life estate to the widow "with full right to use, consume and dispose of same as she sees fit" with remainder over at the death of the widow invested the widow with full power to use, consume and dispose of the entire property for her own use and benefit, but with no power to give away the property.

This court at various times has grappled with similar situations presented by language in wills creating a life estate with apparent unlimited power of disposition and a gift over of that which remains.

Weakley v. Weakley, Ky., 237 S.W.2d 524 (1951), overruled those cases which held that the life tenant in such instances may not encroach upon the principal and held that "to do with as he sees fit. Then goes to my grandchildren at his death to share alike" means that the first donee may use the estate for his own purposes, with broad powers to sell and dispose of the estate, and if any is left over it shall go to the second donee.

Collings v. Collings' Ex'rs, Ky., 260 S.W. 2d 935 (1953), involved a will which devised all property to the wife with a gift over of "any part of my estate remaining undisposed of at the time of the death of my said wife." We construe this language to mean that the widow had the implied power to encroach upon the corpus of the estate during her lifetime. Further we held that "it was the testator's intention that his widow should possess all right as to the use and enjoyment of the devised estate during her natural life; nevertheless, she may not willfully waste it, nor give it away, nor dispose of it by will."

In Moore v. Morris, Ky., 258 S.W.2d 908 (1953), construing a will which devised all property to the wife with "power to sell and dispose of any of said property during her lifetime and to use the proceeds as she may see fit," we said the widow had a life estate with the power to dispose of and enjoy the property even to exhaustion if she deemed it was necessary, but that the testator had reserved the right of disposition by will and had exercised it himself.

The cases decided by this court in construing language in a will which would by the application of ordinarily understood definitions import unlimited power of use and disposition with a gift over have evolved from denying the power to encroach upon the principal, to successive recognition of the power to encroach on the principal to the extent of providing for necessaries, to encroach on the principal to the extent deemed necessary, to unlimited power to encroach upon the principal for the personal use and benefit of the devisee and the unlimited power of use and disposition without the power to waste or give away the property.

Finally we held in Mitchell v. Mitchell, Ky., 276 S.W.2d 470 (1955), that a devise

"to have, hold, keep and use and dispose of as her own" with a gift over gave unlimited power to encroach upon the corpus. This was a declaratory judgment suit and did not present the particular facts of use and disposition presented in the cases cited above; nevertheless, we are of the opinion that Mitchell correctly states the view of this court that language of unlimited power in a devise of life estate with a gift over should mean what it says and that such power to use and dispose of during the lifetime of the devisee of the life estate should be unlimited. We hold the deed herein to be valid and expressly overrule Evans, Collings, Weakley and Moore, supra, to the extent that they place any limitation on the use or disposition of the property except the making of a testamentary disposition.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.

All concur.