**Anna Ely SMITH and Caroline Page Ely, Co-executrices of the Estate of Caroline Weir Ely, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. H–80–64.**

United States District Court, D. Connecticut.

Dec. 21, 1982.

Timothy D. Bates, Frank S. Berall and Joseph Q. Koletsky, Copp, Koletsky & Berall, Hartford, Conn., for plaintiffs.

John P. McAllister, D. Patrick Mullarkey, Tax Div., Dept. of Justice, John F. Murray, Acting Asst. Atty. Gen., Washington, D.C., Alan H. Nevas, U.S. Atty., New Haven, Conn., for defendant.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JOSÉ A. CABRANES, District Judge:

Plaintiffs Anna Ely Smith and Caroline Page Ely, acting in their representative capacities as co-executrices of the Estate of Caroline Weir Ely, Deceased, have filed this action for refund of federal estate taxes and interest paid by the Estate against the defendant, United States of America.

### Facts

George Page Ely was the husband of Caroline Weir Ely; plaintiffs are the daughters of George Page Ely and Caroline Weir Ely.

On April 5, 1966, Caroline Weir Ely established a revocable inter vivos trust, entitled "The Caroline Weir Ely Revocable Trust." On April 7, 1966, George Page Ely established a revocable inter vivos trust, entitled "The George Page Ely Revocable Trust." George Page Ely died testate on December 11, 1967; Caroline Weir Ely died testate on January 5, 1974.

The George Page Ely Revocable Trust provided that, *inter alia,* upon the death of George Page Ely before Caroline Weir Ely, the trustees were to pay Caroline Weir Ely during her life the net income of the trust, and upon the death of Caroline Weir Ely the principal remaining in the George Page Ely Revocable Trust would be transferred to the trustees of the Caroline Page Ely Revocable Trust.

In her will Caroline Weir Ely left her entire estate, including any property over which she had any power of appointment or disposition, but excepting her tangible personal property, to the Caroline Weir Ely Revocable Trust. The Caroline Weir Ely Revocable Trust provided that Caroline Weir Ely had the power to amend or revoke the trust, in whole or in part.

From 1968 to 1973, Caroline Weir Ely made cash transfers to the George Page Ely Revocable Trust in the amount of $11,-543.10. In 1970 and 1971, the Caroline Weir Ely Revocable Trust made cash transfers to the George Page Ely Revocable Trust in the

amount of $37,993.95. And from 1970 to 1973, the George Page Ely Revocable Trust made cash transfers to the Caroline Weir Ely Revocable Trust in the amount of $23,-883.79. The parties have stipulated that the value of the George Page Ely Revocable Trust was $267,771.20 at the relevant date in 1974.

The Internal Revenue Service (the "IRS") in 1970 disallowed a marital deduction claimed by the Estate of George Page Ely, Deceased, holding that the passage of property interests to Caroline Weir Ely under the George Page Ely Revocable Trust did not constitute a power of appointment in Caroline Weir Ely and failed to satisfy the requirements of section 2056(b)(5) of the Internal Revenue Code of 1954 (the "Code").[1] That IRS determination was never challenged by the representatives of the Estate of George Page Ely, Deceased, nor by anyone else. After the death of Caroline Weir Ely, the IRS included the corpus of the George Page Ely Revocable Trust in the Estate of Caroline Weir Ely, Deceased, determining that Caroline Weir Ely had a general power of appointment over the corpus of the George Page Ely Revocable Trust under section 2041 of the Internal Revenue Code of 1954.[2] Plaintiffs

then sued for a refund, and the issue is now before the court upon cross-motions for summary judgment.

The court concludes that plaintiffs' motion for summary judgment must be denied, and that defendants' motion for summary judgment must be granted.

*Discussion*

I.

Plaintiffs contend, first, that Caroline Weir Ely did not possess a general power of appointment with respect to the corpus of the George Page Ely Revocable Trust, under the terms of the arrangement establishing that trust and the Caroline Weir Ely Revocable Trust.

It is not disputed that Caroline Weir Ely could not herself consume the corpus of the George Page Ely Revocable Trust during the course of her lifetime. However, "[t]he term 'general power of appointment' means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate ...." 26 U.S.C. § 2041(b)(1). Plaintiffs argue that Caroline Weir Ely's control over the corpus of the George Page Ely Revocable Trust was limited to the extent that she could not exer-

---

1. Section 2056 of the Code provides in relevant part:
   (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE TRUST.— (5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest ... with power to appoint [it] ... (exercisable in favor of such surviving spouse, or the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest ... to any person other than the surviving spouse—
   (A) the interest ... so passing shall for the purposes of [the allowance of the marital deduction], be considered as passing to the surviving spouse, and
   (B) no part of the interest so passing shall ... be considered as passing to any person other than the surviving spouse.
   *This paragraph shall apply only if such power in the surviving spouse to appoint the*

   entire interest ... is exercisable by such spouse alone and in all events.

2. Section 2041 of the Code provides in part:
   (a) IN GENERAL.—The value of a gross estate shall include the value of all property—
   \* \* \* \* \* \*
   (2) POWERS CREATED AFTER OCTOBER 21, 1942.—To the extent of any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942, or with respect to which the decedent has at any time exercised or released such a power of appointment by a disposition which is of such nature that if it were a transfer of property owned by the decedent, such property would be includible in the decedent's gross estate under Secs. 2035 to 2038, inclusive ....
   (b) DEFINITIONS.—For Purposes of Subsection (a)—
   (1) GENERAL POWER OF APPOINTMENT. —The term "general power of appointment" means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate ....

cise that control in favor of herself; they do not dispute that that control could be exercised in favor of her estate, her creditors, or the creditors of her estate.

Moreover, it is clear that Caroline Weir Ely's interest in the corpus of the George Page Ely Revocable Trust became indefeasibly vested upon the death of George Page Ely on December 11, 1967.

Nonetheless, plaintiffs argue that, after the death of George Page Ely, Caroline Weir Ely had control over a mere expectancy, because the property over which Caroline Weir Ely might have exercised control did not exist at the time her power was exercisable. To some extent, plaintiffs cite *Estate of Margrave v. Commissioner,* 618 F.2d 34 (8th Cir.1980) in support of that argument. *See* Brief in Support of Motion for Summary Judgment in Favor of Plaintiffs Anna Ely Smith and Caroline Page Ely, Co-Executrices of the Estate of Caroline W. Ely, Deceased (filed July 18, 1981) ("Plaintiffs' Brief") at 5–6. However, *Margrave* is readily distinguished. In that case, it was claimed by the IRS that decedent had a general power of appointment with respect to benefits from a life insurance policy purchased by decedent's wife; since decedent's wife retained her authority to revoke or amend the policy, decedent's control vested only upon his death. The court noted: "During his life, decedent's power was subject to the absolute whim of Mrs. Margrave, who could completely eliminate decedent's ability to designate the beneficiary through her own power to modify or revoke the insurance policy." 618 F.2d at 37 (footnote omitted). By contrast, Caroline Weir Ely's power was completely free of her late husband's—or anyone else's— "whim" after December 11, 1967.

Plaintiffs also rely on *Second National Bank of Danville, Illinois v. Dallman,* 209 F.2d 321 (7th Cir.1954). This court is not, of course, bound by the decision of the Court of Appeals of a circuit other than our own, especially in the case of an opinion that was handed down nearly thirty years ago and has been subjected to criticism since then. *See Keeter v. United States,* 461 F.2d 714, 717–719 (5th Cir.1972). In any event, *Dallman* too is distinguishable, for in that case the court was apparently impressed by the fact that the decedent never exercised the putative power of appointment. *Dallman, supra,* 209 F.2d at 323–324. Plaintiffs in the instant case have nowhere asserted that Caroline Weir Ely made no provision for the disposition of the Caroline Weir Ely Revocable Trust. Yet even if she had made no such provision, the *Dallman* case would still be distinguishable, for in that case decedent's failure to make an appointment and indifference toward the insurance policy in her will suggest an obliviousness to the existence of the putative power. *Dallman, supra,* 209 F.2d at 322–323. The same can hardly be said of Caroline Weir Ely.

Finally, plaintiffs argue that *Connecticut Bank and Trust Co. v. United States,* 465 F.2d 760 (2d Cir.1972) indicates that the Second Circuit inclines toward the *Dallman* point of view. *See* Reply Brief in Support of Motion for Summary Judgment in Favor of Plaintiffs Anna Ely Smith and Caroline Page Ely, Co-Executrices of the Estate of Caroline W. Ely, Deceased, and in Opposition to Defendant's Cross-Motion for Summary Judgment (filed October 1, 1981) ("Plaintiffs' Reply") at 4–5. This court does not agree. *Connecticut Bank and Trust Co.* concerned the proceeds of a wrongful death action. At no time before the death of the decedent in that case could such proceeds have been contemplated, let alone appointed. Such a nebulous version of a property interest stands in sharp contrast to the certainty of interest in the corpus of the George Page Ely Revocable Trust enjoyed by Caroline Weir Ely.

## II.

Plaintiffs next contend that, even if Caroline Weir Ely possessed a general power of appointment under the terms of § 2041(a) of the Code, the trust arrangement giving rise to that power contravened Connecticut law. It was formerly the case, of course, that a testamentary addition to a pre-existing revocable trust was considered

invalid as an attempted "incorporation by reference" barred by the Statute of Wills. *Hathaway v. Smith,* 79 Conn. 506, 65 A. 1058 (1907); *see generally,* Law Review, "Some Statutory Changes of 1961," 36 Conn.Bar J. 262, 267–268 (1962).

But an argument from that premise is now unavailing. The plain language of C.G.S. § 45–173a (the Connecticut version of the Uniform Testamentary Additions to Trusts Act ["UTATA"])[3] suggests that the trust arrangement entered into by the Elys was valid. In contending otherwise, plaintiffs cite only the case of *Waterbury National Bank Trustees (Dye Estate) v. Waterbury National Bank Executor,* 162 Conn. 129, 291 A.2d 737 (1972), in which the Connecticut Supreme Court held that UTATA did not apply to a trust established before the effective date of the statute in 1961. As the Ely trusts were established well after the effective date of UTATA, *Waterbury National Bank Trustees* is of scant value in our decision today. The discussion of the Connecticut view of the doctrine of incorporation by reference in that case is specifically set in the context of the law as it existed before UTATA. *Water-bury National Bank Trustees, supra,* 162 Conn. at 135, 291 A.2d 737. If anything, there is a suggestion in that case that matters have changed since passage of UTATA.

### III.

▋ Lastly, plaintiffs argue that even if the trust arrangement was valid under Connecticut law and gave Caroline Weir Ely a general power of appointment under 26 U.S.C. § 2041(a), the defendant is equitably estopped from pursuing now an approach to taxation of the Estate of Caroline Weir Ely inconsistent with the approach previously taken in taxing the Estate of George Page Ely. Plaintiffs have, however, cited little authority for the proposition that determination of whether a power of appointment exists for purposes of a marital deduction under 26 U.S.C. § 2056(b)(5) controls the question of whether, under 26 U.S.C. § 2041, a general power of appointment exists in an estate for purposes of that estate's valuation. *Compare* Plaintiffs' Reply at 9, *with* Reply Brief of the United States in Support of Its Cross-Motion for Summary Judgment (filed November 6, 1981) at 9. Stronger and more recent au-

---

**3.** Section 45–173a of the Connecticut General Statutes reads as follows:

Uniform testamentary additions to trust act (a) A devise or bequest, the validity of which is determinable by the law of this state, may be made by a will to the trustee or trustees of a trust established or to be established by the testator or by the testator and some other person or persons or by some other person or persons, including a funded or unfunded life insurance trust, even though the trustor has reserved any or all rights of ownership of the insurance contracts, provided the separate trust instrument is identified in the testator's will and its terms are set forth: (1) In a written instrument, not a will, executed before or the same day as the execution of the testator's will; or (2) in the valid last will, including any codicil thereto, of a person who has predeceased the testator regardless of the date such person's will or any codicil thereto was executed; and in either case regardless of the existence, size or character of the corpus of the trust. The devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after the execution of the will or after the death of the testator. Unless the testator's will provides otherwise, the property so devised or bequeathed (1) shall not be deemed to be held under a testamentary trust of the testator but shall become a part of the trust to which it is given and (2) shall be administered and disposed of in accordance with the provisions of the instrument or will setting forth the terms of trust, including any amendments thereto made before the death of the testator, regardless of whether made before or after the execution of the testator's will and, if the testator's will so provides including any amendments to the trust made after the death of the testator. A revocation or termination of the trust before the death of the testator shall cause the devise or bequest to lapse.

(b) This section shall be effective as to

(1) any devise or bequest made by a will executed on or after October 1, 1961, and

(2) any devise or bequest made by a will executed prior to October 1, 1961, provided the testator was living on said date.

(c) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

(d) This section may be cited as the Uniform Testamentary Additions to Trusts Act.

thority is that provided in *Estate of May v. Commissioner,* 283 F.2d 853, 855–856 (2d Cir.1960), *cert. denied,* 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202 (1961) (holding that existence of a power of appointment for purposes of a marital deduction is not to be determined by reference to whether a power of appointment might be found in the estate of the alleged donee of the power). *See also Brantingham v. United States,* 631 F.2d 542, 545 (7th Cir.1980) ("While Section 2056 and Section 2041 both discuss powers of appointment, there is nothing in either provision which suggests that they should be construed *in pari materia*."). Because there is no inconsistency in the positions taken by the defendant, the issue of equitable estoppel does not arise.

There is a dispute between the parties as to only one fact in this context, that dispute concerning whether plaintiffs acquiesced in the tax treatment of the George Page Ely Estate because they assumed that that determination also controlled the question of whether Caroline Weir Ely had been given a general power of appointment under the will of George Page Ely. *Compare* Brief for the United States in Support of Its Cross-Motion for Summary Judgment (filed August 31, 1981) at 5 n. 1, *with* Plaintiffs' Reply at 9 n. 1. However, the court holds that the resolution of that dispute is not germane to the issues presented by these motions for summary judgment.[4] By electing the estate planning scheme they adopted in 1966, George Page Ely and Caroline Weir Ely took upon themselves the risk of increasing, rather than lowering, their tax exposure. Whatever the plaintiffs' reasons for failing to challenge the IRS determination concerning the Estate of George Page Ely in 1970, the plaintiffs have had their day in court now. This court has determined that the IRS treatment of the two estates evinced no inconsistency. Whatever action the IRS took with respect to the Estate of George Page Ely, and whatever interpretation the plaintiffs may have made of that action, neither affects (nor could

prospectively have been affected by) our determination here today. Finally, it should be noted that it is plaintiffs who argue against the court's consideration of any evidence pertaining to plaintiffs' reasons·for failing to challenge the defendant's prior determination of estate tax liability with respect to the Estate of George Page Ely. Plaintiffs' Reply at 9 n. 1.

At all events, this factual dispute can have a bearing only on the issue of equitable remedies such as estoppel and recoupment. *See* Plaintiffs' Brief at 18. Neither remedy is appropriate in this instance. *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), relied upon by plaintiff, Plaintiffs' Brief at 18, concerned inconsistent tax determinations affecting a single taxpayer, whereas the instant case involves allegedly inconsistent determinations concerning two different estates. *Brantingham, supra,* does not help plaintiffs either, for it clearly indicates that the reasonableness of reliance on a prior determination asserted by a taxpayer must be reflected in some statement by the IRS giving the taxpayer a basis for that reliance. *Brantingham, supra,* 631 F.2d at 545. In the instant case, plaintiffs have nowhere alleged the existence of an IRS statement giving them an objective basis for such an expectation. Plaintiffs here have alleged only that they made an inference on the basis of their understanding of the uncontested 1970 IRS determination. *See* Complaint (filed January 28, 1980), ¶¶ 20, 21.

### IV.

Since this court holds that the value of the George Page Ely Revocable Trust is includible in the Estate of Caroline Weir Ely, Deceased, the court need not reach the question raised by defendant regarding certain cash transfers from Caroline Weir Ely and the Caroline Weir Ely Revocable Trust to the George Page Ely Revocable Trust from 1968 through 1973. Defendant's Brief at 21; Plaintiffs' Reply at 10–11. Inas-

---

4. On October 12, 1982, at oral argument on the cross motions for summary judgment, counsel for both parties agreed that this disputed fact

was not a material one and therefore its existence did not preclude granting summary judgment for one or the other party.

much as the George Page Ely Revocable Trust is itself held to be includible, obviously the cash transfers are to be included as well.

*Conclusion*

Plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

Judgment shall enter for defendant forthwith.

It is so ordered.