ESTATE OF JANE H. DUVALL, DECEASED, LARRY CLEVELAND, EXECUTOR, Petitioner, FRANCIS BOWMAN AND GEORGE P. TAYLOR, JR., Intervenors v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Duvall v. Commissioner
Docket No. 45698-86
United States Tax Court
T.C. Memo 1993-319; 1993 Tax Ct. Memo LEXIS 324; 66 T.C.M. (CCH) 164; July 20, 1993, Filed *324 Decision will be entered under Rule 155. For petitioner: Charles F. Whelan. For intervenors: Douglas P. Romaine. [1]
For respondent: Philip Owens. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency of $ 97,437 in the Federal estate tax of the Estate of Jane H. Duvall (decedent). After settlement of some issues, the primary issue for decision is whether a life estate that decedent received in the remainder of the property of the Estate of Charles Duvall (Mr. Duvall) constituted, under section 2041, a general power of appointment includable in decedent's gross estate. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect as of February 25, 1983, the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case was submitted fully stipulated. Charles Duvall, decedent's deceased husband, died testate on July 18, 1959. At the time of his death, Mr. Duvall resided in Franklin County, Kentucky. On July 29, 1959, Mr. Duvall's will, *325 dated January 12, 1956, was accepted for probate in the Franklin County Court of Kentucky. Under Mr. Duvall's will, after a bequest of $ 200 per month to Mr. Duvall's sister, Margaret Mills, for life, decedent was given a life estate in the remainder of Mr. Duvall's property. Language in the will specified that the life estate was given to decedent "to do as she pleases without bond as long as she lives and after her death the balance to be divided" among designated beneficiaries. Mr. Duvall's estate claimed a marital deduction under section 2056, as in effect for 1959, with respect to Mr. Duvall's bequest to decedent of the above life estate. Respondent denied the claimed marital deduction, and on or about February 15, 1963, decedent, acting as executrix of Mr. Duvall's estate, filed suit in the U.S. District Court for the Eastern District of Kentucky (District Court), seeking a refund of $ 151,749 in Federal estate taxes relating to respondent's disallowance of the marital deduction claimed by Mr. Duvall's estate. On July 29, 1965, 6 years after Mr. Duvall's death, the District Court held that Mr. Duvall's estate was not entitled to the marital deduction with respect to Mr. *326 Duvall's bequest of a life estate to decedent. Duvall v. United States, 246 F. Supp. 378 (E.D. Ky. 1965). The District Court, per then Chief Judge Swinford, after discussing such Kentucky State court cases as Collings v. Collings' Exrs., 260 S.W.2d 935 (Ky. 1953), and Moore v. Morris, 258 S.W.2d 908 (Ky. 1953), concluded that under Mr. Duvall's will, the life estate in the remainder of Mr. Duvall's property that was given to decedent did not rise to the level of an unlimited general power of appointment and did not give decedent sufficient powers of use and disposition over the property to qualify the life estate for the marital deduction. The District Court concluded that Mr. Duvall's will was "explicit" and that the will did not contain any language that would support an "implication" that decedent was given unlimited power to use and dispose of the property. Duvall v. United States, supra at 380. The District Court explained as follows: The parties herein have cited numerous cases to this court as containing interpretations of testamentary *327 provisions analogous to Charles Duvall's will. In many of these cases, the power to invade arose only by the implication of such words as "if any of said property be left," Moore v. Morris, supra, "any property remaining," Woodward v. Anderson, 145 Ky. 134, 140 S.W. 57 (1911), and others of similar import. The will in the case at bar contains no such implication; it is explicit in stating that after * * * [decedent's] death "the balance to be divided" as provided. * * * Charles Duvall did not bestow upon * * * [decedent] the power to encroach upon the corpus of the estate during her lifetime. The testator undoubtedly intended that * * * [decedent] should have a free hand in the use and management of his property, that she should possess the enjoyment of the devised estate and that she should apply the corpus for the upkeep of her health, education, support and maintenance, but that she should not willfully waste it or give it away so as to extinguish the remainder interests. In short, * * * [decedent] was not given an unrestricted power of appointment over the corpus. * * * [Id.]
The decision *328 of the District Court was not appealed by Mr. Duvall's estate, and the $ 151,749 in Federal estate taxes that were paid by the estate as a result of respondent's disallowance of the marital deduction were not refunded to the estate. Approximately 18 years later, on February 25, 1983, decedent died testate. At the time of decedent's death, decedent resided in Franklin County, Kentucky. Decedent's Federal estate tax return was timely filed with respondent. The agreed $ 126,750 value (as of the date of decedent's death) of decedent's life estate in the remainder of Mr. Duvall's property was not, on decedent's Federal estate tax return, reported as part of decedent's estate. On audit of decedent's Federal estate tax return, respondent determined that decedent's life estate in the remainder of Mr. Duvall's property constituted a general power of appointment under section 2041, and respondent included the $ 126,750 value thereof in decedent's gross estate. Section 2041(a)(2) provides generally that a decedent's gross estate includes the value of all property with respect to which the decedent possessed, at the time of the decedent's death, a general power of appointment. A life estate *329 or a power of appointment will not be treated as constituting a general power of appointment under section 2041 if the power to invade the corpus of the life estate is limited by an ascertainable standard relating solely to the health, education, support, or maintenance of the decedent. Sec. 2041(b)(1)(A). Although Federal law determines which interests or rights shall be taxed, State law determines the nature of the interests and rights in property. Morgan v. Commissioner, 309 U.S. 78 (1940); Huggins v. United States, 684 F.2d 417 (6th Cir. 1982). Whether the life estate in the remainder of Mr. Duvall's property that decedent herein possessed on her death constituted a general power of appointment is governed by Kentucky law in effect at the time the life estate was received by decedent (in this case, July 18, 1959, the date of Mr. Duvall's death). Welsh v. Robison, 702 S.W.2d 455, 456 (Ky. Ct. App. 1986), overruled on another issue by Winebrenner v. Dorten, 825 S.W.2d 836, 837 (Ky. 1992). Although a life estate or a power of appointment in a will may *330 not be expressly limited by the language of the will to an ascertainable standard relating solely to the health, education, support, or maintenance of the beneficiary, the life estate or the power of appointment may nevertheless be interpreted to be so limited if sufficient limitations on the power of appointment are established by controlling State law or rules of construction. Finlay v. United States, 752 F.2d 246, 248 (6th Cir. 1985); Brantingham v. United States, 631 F.2d 542, 545-547 (7th Cir. 1980). The intervenors herein argue that the relevant language of Mr. Duvall's will has already been interpreted by a local Federal District Court in Kentucky and that we, under principles of either comity or collateral estoppel, should defer to that judicial precedent in interpreting Mr. Duvall's will. As previously stated, in 1965 then Chief Judge Swinford interpreted Mr. Duvall's will and the exact language at issue herein and held that decedent's life estate did not rise to the level of a general power of appointment, that decedent's power to invade the corpus was limited to the upkeep of decedent's health, education, support, *331 and maintenance, and therefore that Mr. Duvall's estate was not entitled to the marital deduction under section 2056. Duvall v. United States, 246 F. Supp. 378 (E.D. Ky. 1965). In relying on Duvall v. United States, supra, the intervenors emphasize the identity of the will and the language being interpreted, the similarity of the issue, the essential identity of the parties, the greater familiarity of Chief Judge Swinford with Kentucky law, and the unfairness that would result if we require inclusion in decedent's estate of the value of decedent's life estate in light of the fact that Mr. Duvall's estate was disallowed the marital deduction with respect to the same life estate. Respondent does not dispute the general rationale and appeal of the intervenors' argument. Respondent, however, argues: (1) That in 1974 a decision was rendered by the Kentucky Court of Appeals in Melton v. Wyatt, 517 S.W.2d 242 (Ky. 1974), that effectively overruled the District Court's holding in Duvall v. United States, supra; (2) that Melton v. Wyatt, supra, *332 would be applied by Kentucky courts retroactively; (3) that therefore Duvall v. United States, supra, must now be regarded by us as wrongly decided and that we should ignore or refuse to follow Duvall v. United States, supra, in interpreting the language of Mr. Duvall's will and in reaching our conclusion as to the nature of decedent's life estate in the remainder of Mr. Duvall's property; (4) that primarily because of the alleged change in Kentucky case law collateral estoppel does not apply; and (5) that Mr. Duvall's will established in favor of decedent a life estate in the remainder of Mr. Duvall's property that constituted a general power of appointment not limited by an ascertainable standard. We agree with the intervenors as to the proper interpretation of Mr. Duvall's will. In our opinion, respondent significantly misreads Duvall v. United States, supra, and Melton v. Wyatt, supra. The former decision was not overruled by the latter decision, and the decision of the District Court in Duvall v. United States, supra, *333 provides significant guidance to us as to how Kentucky courts would interpret the language of Mr. Duvall's will. Prior to 1974, where the language of a will created a life estate in favor of a surviving spouse with a gift over, but where the language of the will was not clear as to the extent of the power to invade corpus that was given to the holder of the life estate, Kentucky State courts, in analyzing the nature of the life estate, would reach differing and not always consistent results. As explained in Melton v. Wyatt, supra at 243: The cases decided by this court in construing language in a will which would by the application of ordinarily understood definitions import unlimited power of use and disposition with a gift over have evolved from denying the power to encroach upon the principal, to successive recognition of the power to encroach on the principal to the extent of providing for necessaries, to encroach on the principal to the extent deemed necessary, to unlimited power to encroach upon the principal for the personal use and benefit of the devisee and the unlimited power of use and disposition without the power to waste or give *334 away the property.
The court in Melton v. Wyatt, supra at 244, went on to hold that -- language of unlimited power in a devise of life estate with a gift over should mean what it says and that such power to use and dispose of during the lifetime of the devisee of the life estate should be unlimited. * * * [Emphasis added.]
Thus, where the language of a will implied a testamentary intent to give the surviving spouse unlimited power over property subject to a life estate, [2] the Kentucky Court of Appeals in Melton v. Wyatt, supra at 244, held that the implied language of unlimited power should mean "what it says" and that "such power to use and dispose of during the lifetime of the devisee of the life estate should be unlimited." Id.
*335 Melton v. Wyatt, supra, however, in our opinion did not in any way change Kentucky law to the effect that where language of a will and the testator's intent are clear, where that language does not contain language of unlimited power, and where the language establishes only a limited power to invade corpus, that language will be recognized. Clarke v. Kirk, 795 S.W.2d 936, 938 (Ky. 1990); Molloy v. Molloy, 727 S.W.2d 870, 872 (Ky. Ct. App. 1987). Where a will contains language that confers broad discretion merely to use and manage the life estate but does not contain language of disposition, the power of appointment will, under Kentucky law, be regarded as a limited power of appointment. Molloy v. Molloy, supra at 872. That is the case here, and that is exactly what the District Court held in Duvall v. United States, 246 F. Supp. 378 (E.D. Ky. 1965). After commenting on a number of cases involving unclear testamentary language, some of which were also commented on and reversed by Melton v. Wyatt, 517 S.W.2d 242 (Ky. 1974), *336 the District Court in Duvall v. United States, supra, distinguished those cases (and thereby the issue involved in and the holding of Melton v. Wyatt, supra) by concluding that Mr. Duvall's will was not unclear, that it was "explicit", and that the will gave to decedent a power to invade corpus only to the extent necessary for decedent's "health, education, support, and maintenance." Duvall v. United States, supra.
In further support of our reading of Duvall v. United States, supra, and of our conclusion that Melton v. Wyatt, supra, did not overrule Duvall v. United States, supra, we note that the opinion in Melton v. Wyatt, supra, does not even refer to Duvall v. United States, supra.
Giving significant and appropriate deference to the interpretation of Mr. Duvall's will by the District Court, we agree with the District Court's interpretation of the language of Mr. Duvall's will and its analysis and conclusion *337 as to the nature of decedent's life estate in the remainder of Mr. Duvall's property. Although decedent was given broad discretion in the possession and use of the property subject to the life estate, decedent's power to dispose of such property was limited to decedent's needs relating to her health, education, support, and maintenance, and decedent's life estate did not constitute a general power of appointment. Respondent relies heavily on Quie v. United States, 90-2 USTC par. 60,029 (D. Minn. 1990), in which Melton v. Wyatt, supra, was applied retroactively to support a holding that the particular language of the will involved therein that was governed by Kentucky law established a life estate and a general power of appointment without the limitation of an ascertainable standard. Respondent's reliance on Quie v. United States, supra, is misplaced. The will in Quie contained language of unlimited power (namely, the gift over after the lifetime interest was phrased in the precatory, "if at her death any of said property should remain", see Quie v. United States, supra *338 at 86,094), and therefore the holding of Melton v. Wyatt, supra, was applicable. As explained and as the District Court expressly held in Duvall v. United States, supra, such language of unlimited power is not found in Mr. Duvall's will. Further, the court in Quie v. United States, supra, did not have the benefit of a prior court decision by a judge resident in Kentucky interpreting the will at issue in that case. [3]
*339 In light of our conclusion as to the proper interpretation of Mr. Duvall's will, we need not address the intervenors' argument as to collateral estoppel. [4]
For the foregoing reasons, Decision will be entered under Rule 155. Footnotes
1. Intervenors, Francis Bowman and George P. Taylor, Jr., are the sole surviving remaindermen under the will of Charles Duvall.↩
2. For example, a devisee's power to "dispose of as her own", Mitchell v. Mitchell, 276 S.W.2d 470, 470 (Ky. 1955); all property to a widow with a gift over of any part of the estate "remaining undisposed of" at the time of the widow's death, Collings v. Collings' Exrs., 260 S.W.2d 935, 935 (Ky. 1953); a widow's power "to sell and dispose", Moore v. Morris↩ 258 S.W.2d 908, 909 (Ky. 1953).
3. We also note that in 1974 the Kentucky legislature (see 1974 Ky. Acts, ch. 299, sec. 12) codified the Kentucky common law rule with regard to the interpretation of language in a will that establishes a life estate but that does not expressly set forth the extent of the power of appointment that is given to the holder of the life estate. Ky. Rev. Stat. Ann. sec. 391.160 (Michie 1984). Under this statute, if the language of a will establishes a life estate without expressly indicating the extent to which the life tenant may invade corpus, the power of appointment will be treated as limited to the health, education, and support of the life tenant. Ky. Rev. Stat. Ann. sec. 391.160 (Michie 1984), provides as follows: 391.160. Authority of life tenant to invade corpus. -- (1) If (a) A devise, bequest, or conveyance of real or personal property is made by written instrument free of any trust; and (b) By the express terms of the instrument or by rule of law the devise, bequest or conveyance is made to a life tenant with power to consume principal or invade corpus, with the remainder to another upon the death of the life tenant; and (c) The instrument does not expressly state the purpose for or the extent to which the life tenant may consume principal or invade corpus, then the provisions of subsection (2) shall apply. (2) The life tenant's power to consume principal or invade corpus shall be limited to such consumption or invasion as shall be necessary for his health, education (including college and professional education), and support in his accustomed manner of living. [Emphasis supplied.]
This statute, enacted in 1974, a few months before Melton v. Wyatt, 517 S.W.2d 242 (Ky. 1974), was decided, and still in effect today, provides a rule of will construction that is contrary to the rule of Melton v. Wyatt, supra.This statute raises a serious question not addressed by the parties herein as to the continued viability of Melton v. Wyatt, supra.
Further, it would appear that if language similar to the language of Mr. Duvall's will is to be regarded as ambiguous and unclear as to the extent of the beneficiary's power of appointment, under this statute (at least with respect to Kentucky wills whose effective date is after enactment of the statute) the beneficiary would be regarded as having received a power of appointment over the remainder of the property that is limited by the demands of the decedent's health, education, support, and maintenance -- an interpretation consistent with that of the District Court in Duvall v. United States, 246 F. Supp. 378↩ (E.D. Ky. 1965), and with our interpretation herein.
4. In our analysis, we have taken into account certain differences between secs. 2041 and 2056, and we recognize that a power of appointment may not be broad enough to qualify for a marital deduction under sec. 2056 but too broad to be treated as a limited power of appointment under sec. 2041. Brantingham v. United States, 631 F.2d 542, 545 (7th Cir. 1980); Estate of May v. Commissioner, 283 F.2d 853, 855-856 (2d Cir. 1960), affg. 32 T.C. 386 (1959); Smith v. United States, 557 F. Supp. 723, 727-728↩ (D. Conn. 1982).